UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-60794-CIV-COHN/SELTZER

BGL BNP PARIBAS, S.A.,
a Luxembourg bank,

       Plaintiff,

v.

M/Y "PURE," Maltese Official
Number 11098, her engines, tackle,
furniture, apparel, appurtenances, etc.,
*in rem*, and PURE MALTE LIMITED, a
Maltese company, *in personam*,

       Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court on Plaintiff BGL BNP Paribas, S.A.'s Motion for Summary Judgment [DE 33] ("Motion").  The Court has considered the Motion, Defendants M/Y Pure and Pure Malte Limited's Response [DE 43], Plaintiff's Reply [DE 46], and the record in this case, and is otherwise fully advised in the premises.

### I. BACKGROUND

On August 11, 2008, Plaintiff BGL BNP Paribas, S.A., a Luxembourg bank, loaned € 6,500,000.00 to the *in personam* Defendant, Pure Malte Limited, a Maltese company.  The same day, Defendant Pure Malte Limited drew upon the loan and used the full amount to buy the *in rem* Defendant, the vessel M/Y Pure, a 2007 Italian built yacht registered and flagged under the laws of Malta, bearing official number 11098. Defendant Pure Malte Limited also executed a first priority statutory mortgage to secure payment of the loan, see First Priority Statutory Mortgage [DE 1-5] ("Mortgage"), and

Plaintiff recorded the Mortgage, see Certificate of Malta Registry [DE 1-1]; Transcript of Register [DE 1-6].

Under the terms of the loan, Defendant Pure Malte Limited was to repay the loan in twenty-four continual monthly payments of € 32,500.00 beginning September 15, 2008.  See Plaintiff's Letter 8/1/2008 [DE 1-3].  The remaining balance of +/- € 6,500,000.00 was to be repaid in a single sum on September 15, 2010 at the latest.  Id.  Defendant Pure Malte Limited failed to make any payments due on or after September 15, 2010.  Affidavit of Jean-Marie Janssen [DE 35-1] ("Janssen Affidavit") ¶ 14.  On November 8, 2010, Plaintiff sent a notice of default, but Defendant Pure Malte Limited still failed to make any remaining payments.  See id. ¶ 15; see also Notice of Default Letter 11/8/2010 and Signed Receipt 11/12/2010 [DE 35-1 at 83-86].  Plaintiff claims that as of April 11, 2011, Defendants continued to owe principal and interest in the amount of $7,456,874.89.

Thus, on April 12, 2011, Plaintiff filed this action to foreclose its preferred ship mortgage and obtain a judgment against Defendants for their default on the loan.  Pursuant to a Warrant of Arrest *In Rem* [DE 9], the M/Y Pure was arrested on April 15, 2011.  See Process Receipt and Return [DE 16].  Now, in the instant motion, Plaintiff seeks summary judgment in its favor.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), the Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The movant "bears the initial responsibility of informing the district court of the basis for

2

its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To discharge this burden, the movant must show that "there is an absence of evidence to support the non-moving party's case."  Id. at 325.

After the movant has met its burden, the burden of production shifts to the non-moving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact [the Court may] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it."  Fed. R. Civ. P. 56(e)(3).

At the summary judgment stage, the Court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  In making this determination, the Court must decide which issues are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  Id. at 248.

### III. ANALYSIS

Title 46 U.S.C. § 31325 defines a preferred ship mortgage and provides for the mortgage's enforcement.  Under part (a), "[a] preferred mortgage is a lien on the mortgaged vessel in the amount of the outstanding mortgage and indebtedness secured by the vessel."  46 U.S.C. § 31325(a).  Part (b) provides as follows:

> On default of any term of the preferred mortgage, the mortgagee may--
>
> (1) enforce the preferred mortgage lien in a civil action in rem for a documented vessel, a vessel to be documented under chapter 121 of this title, a vessel titled in a State, or a foreign vessel;
>
> (2) enforce a claim for the outstanding indebtedness secured by the mortgaged vessel in–
>
>> (A) a civil action in personam in admiralty against the mortgagor, maker, comaker, or guarantor for the amount of the outstanding indebtedness or any deficiency in full payment of that indebtedness; and
>>
>> (B) a civil action against the mortgagor, maker, comaker, or guarantor for the amount of the outstanding indebtedness or any deficiency in full payment of that indebtedness; . . .

46 U.S.C. § 31325(b).

Plaintiff holds a preferred ship mortgage securing payment of the loan to Defendant Pure Malte Limited. Defendant Pure Malte Limited defaulted on the loan when it violated the terms of the loan and Mortgage by failing to make payments due on or after September 15, 2010. Therefore, under § 31325, the undisputed facts show that Plaintiff is entitled to enforce its preferred mortgage against the *in rem* and *in personam* Defendants.

In their Response, Defendants do not dispute that Plaintiff loaned Defendant Pure Malte Limited € 6,500,000.00, that the company used the money to purchase the M/Y Pure, or that Defendants have not made any payments due on or after September 15, 2010. However, Defendants oppose Plaintiff's motion for summary judgment based on the parties' attempt to reach a settlement during the pendency of this case. Defendants note that the parties negotiated an agreement under which Plaintiff would open a new line of credit to refinance the original loan, and two cottages in Haute

4

Savoie, France, would serve as substitute security for the preferred ship mortgage, in place of the M/Y Pure.  Resp. at 2.  Defendants therefore contend that BGL's proper method to enforce the loan is to foreclose on the French cottages, not on the vessel M/Y Pure, and that the vessel only becomes relevant once the foreclosure proceeding on the French cottages is complete.  Id. at 4.

However, the record lacks any indication that this negotiated settlement agreement was ever finalized or that the new mortgage on the French cottages was ever executed, recorded, or given to Plaintiff.  The copy of the settlement agreement that Defendants submitted along with their Response is not signed by Plaintiff or by Defendant Pure Malte Limited.  See Draft Settlement Agreement [DE 43-1] at 13. Plaintiff explains that the settlement agreement and refinancing loan were never fully executed because Defendant Pure Malte Limited and Eric Arnoux, the guarantor of the loan, never fulfilled the required conditions precedent.  See Reply at 2 ¶ 3; Affidavit of Bob Kieffer [DE 47] ¶¶ 20.  As such, because the settlement agreement was never finalized, the French cottages were never substituted as security for the loan, and Plaintiff never released its preferred ship mortgage against the M/Y Pure.  Mere evidence of settlement negotiations is insufficient to preclude summary judgment. Accordingly, Plaintiff is entitled to summary judgment on its claim.

## IV. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Summary Judgment [DE 33] is **GRANTED**.  Consistent with this ruling, the Court will enter a separate final

judgment and order directing the sale of the vessel M/Y Pure.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 9th day of January, 2012.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF